UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| HDGM Advisory Services, LLC, | ) Case No. 14-04797 |
| EIN: 32-0344655 | ) |
| | ) |
| Debtor. | ) |

**DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO BANKRUPTCY RULE 1015(b)(4)**

Debtor HDGM Advisory Services, LLC ("HDG Advisory" or "Debtor") hereby moves the Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, directing joint administration of this Chapter 11 case with the related Chapter 11 case of HDG Mansur Investment Services, Inc. ("HDG Investment"), its related Debtor, pursuant to Bankruptcy Rule 1015(b)(4) and in support thereof, states as follows:

**Jurisdiction**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. § 1408 and 1409.

**Background**

2.  On May 21, 2014 (the "Petition Date"), Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code thereby commencing the above-captioned case. Debtor has continued as debtor-in-possession. No trustee or examiner has been appointed.

3.  Debtor was the subsequent manager, after assignment of management contracts of HDG Investment, for certain real estate investment funds that were set up as an investment vehicle for religious Muslims, who are prohibited by Sharia law from paying or receiving

interest or becoming direct lenders or borrowers. HDG Investment managed such funds until late 2012 when it assigned the management contract to HDG Advisory. The management agreements purportedly have been terminated by the investment funds. Litigation pends in the Southern District of New York respecting such management agreements and related relationships.

**Relief Requested**

4.   By this Motion, Debtor seeks entry of an order directing joint administration of the Chapter 11 case for procedural purposes only with the related case of HDG Investment. Specifically, Debtor requests that the Court maintain one file and one docket for the jointly-administered cases under the first-filed case of HDG Advisory and that the cases be administered under a consolidated caption, as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HDGM Advisory Services, LLC, et al.,[1] | ) | Case No. |
| | ) | |
| Debtors. | ) | Jointly Administered |

---

[1] The Debtors include HDGM Advisory Services, LLC (Case No. 14-04797) and HDG Mansur Investment Services, Inc. (Case No. 14-04798).

5.   Debtor also requests that a docket entry, substantially similar to the following, be entered on the docket of each case to reflect the joint administration of the Chapter 11 cases:

> An order has been entered [Docket No. ____ in Case No. _____] in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the Chapter 11 cases of HDGM Advisory Services, LLC (Case No. 14-04797) and HDG Mansur Investment Services, Inc. (Case No. 14-04798). All further pleading and other papers shall be filed in, and all further docket entries shall be made in Case No. 14-04797. Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

2

**Basis Therefore**

6. The statutory basis for the relief requested herein is section 105(a) of the Bankruptcy Code, Fed. R. Bankr. 1015(b) and S. D. Ind. B-1015-1.

7. Bankruptcy Rule 1015(b)(4) states that "[i]f . . . two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order the joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest . . .".

8. The term affiliate is defined by 11 U.S.C. § 101(2)(b) as a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote … by an entity that directly or indirectly owns, controls or holders with power to vote, 20 percent or more of the outstanding voting securities of the debtor …". For bankruptcy purposes, a corporation includes both a corporation and a limited liability company. See 11 U.S.C. § 101(9). Consequently, Debtor, an Indiana limited liability company, and HDG Investments, an Indiana corporation, who are both wholly owned by The Harold D. Garrison Revocable Trust are affiliates under 11 U.S.C. § 101(2)(b) and their cases jointly administered.

9. Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein by Debtors as it permits a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

10. The entry of an order to jointly administer is common and generally does not alter any of the substantive rights available to creditors of a debtor or other parties in interest. *See e.g.,*

*In Lauth Investment Properties, LLC,* Case No. 09-06065-BHL-11 (Bankr. S.D. Ind.); *ATA Airlines, Inc.,* Case No. 04-19868-BHL-11 (Bankr. S.D. Ind.).

11. Joint administration of these Chapter 11 cases will provide administrative convenience without harming the substantive rights of any party in interest. Entry of an order directing joint administration of the cases will permit Debtors to reduce fees and costs in connection with the administration of both Chapter 11 cases by avoiding duplication, including filing the same documents in both cases, monitoring both dockets and maintaining individual case files for each Debtor.

12. Additionally, joint administration will allow the Court to administer the cases consistently and efficiently and relieve the burden of entering identical orders in both cases and will permit the Office of the United States Trustee to more easily monitor the cases.

13. Because this Motion seeks only to jointly administer the cases, there will be no conflicts, or potential conflicts, of interest of creditors or parties in interest of the two estates. Debtor is not seeking an order to consolidate the cases or otherwise alter the rights of either set of creditors or parties in interest with this request and thus no creditors or parties in interest would be harmed by the joint administration of the cases.

## Notice

14. Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Indiana; (b) the entities on the list of 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) all secured creditors of Debtor; and (d) any counsel or party that has filed an appearance pursuant to S.D. Ind. B-9010-1.

**Coordination with the United States Trustee**

15.     Pre-petition, counsel for Debtors conferred with the United States Trustee regarding the relief requested in this Motion but because the relief requested herein does not lend itself to advance resolution, Debtor did not confer with other affected parties regarding the relief requested herein.

WHEREFORE, Debtor requests entry of an order granting the relief requested in this Motion, substantially in the form attached hereto as **Exhibit A**, and such other legal and equitable relief to which Debtor is entitled.

Respectfully Submitted,

*/s/ Michael W. Hile*
Michael W. Hile, Atty. No. 8565-82
Christine K. Jacobson, Atty. No. 16756-49
Henry Mestetsky, Atty. No. 29383-49
KATZ & KORIN, PC
334 North Senate Avenue
Indianapolis, Indiana 46204-1708
Telephone (317) 464-1100
Facsimile (317) 464-1111
mhile@katzkorin.com
cjacobson@katzkorin.com
hmestetsky@katzkorin.com